UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-81737-Dimitrouleas/Matthewman

Columna, Inc.,

           Plaintiff,

v.

UnitedHealthcare Insurance Company,

           Defendant.

_____/

FILED BY _____ D.C.

FEB 11 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURE [DE 54]

THIS CAUSE is before the Court on Defendant's Motion to Strike Plaintiff's Expert Disclosure for Failure to Comply with Rule 26. [DE 54]. Plaintiff responded to Defendant's motion. [DE 60]. Defendant replied to Plaintiff's response. [DE 61]. Thus, this matter is ripe for review. For the reasons set forth below, the Court grants the motion.

### I. Introduction

The parties' own dilatory discovery behavior is at the root of the pending motion to strike. Trial is set for April 6, 2020. The summary judgment deadline has passed. The Court's imposed expert discovery deadline has passed. Defendant now seeks to strike the expert disclosure of Plaintiff's damages expert, Michael F. Arrigo, because it argues Plaintiff's Rule 26 Expert Disclosure of Mr. Arrigo's expert report was insufficient. Plaintiff essentially concedes its Expert Disclosure was insufficient but blames the disclosure's inadequacy on the "voluminous" discovery in this case and instead urges the Court to revive the already-lapsed expert discovery period so that Defendant may depose Mr. Arrigo and offer a rebuttal expert. Defendant contends such a remedy would cause undue prejudice because of the advanced procedural posture of this case.

In essence, the Court must decide whether to strike Plaintiff's sole expert witness Mr. Arrigo for failure to comply with the Court's imposed expert discovery deadline or significantly delay this case and the rapidly approaching trial by reopening expert discovery after the discovery deadline has passed, after the expert disclosure deadline has passed, after the dispositive motion deadline has passed, and approximately seven weeks before trial. If the parties had simply complied with the Court's discovery deadlines, this dispute would be unnecessary.

## II. Background to the Dispute Underlying Defendant's Motion to Strike

This lawsuit began when Plaintiff filed its Complaint in Florida state court on October 10, 2018. The case was removed to this Court on December 20, 2018. [DE 1]. The Court issued a Scheduling Order, setting trial for April 6, 2020, and a discovery deadline of December 11, 2019. [DE 16]. The case proceeded through discovery.

The Court, on October 31, 2019 and upon the parties' joint motion, extended the discovery deadline to December 27, 2019. [DE 43]. The parties then filed yet another joint motion requesting an extension of the expert discovery period. [DE 44]. That motion was granted on December 2, 2019. [DE 46]. The Court's December 2, 2019 Order extended the expert discovery deadline to December 20, 2019, extended the expert disclosure deadline to December 2, 2019, and extended the rebuttal expert disclosure deadline to December 20, 2019. *Id.* However, the Court advised the parties that "[t]he Parties may agree to and conduct additional discovery outside the time frame set in this order if they so choose, but the Court *will not enter and oversee [] another new schedule for such discovery.*" *Id.* (emphasis added). The Court provided the parties with reasonable extensions but the parties still did not comply.

Despite the Court-imposed expert disclosure deadline of December 2, 2019, Plaintiff, per the parties' own agreement, made its initial disclosure of Mr. Arriga's expert report on January 2, 2020. [DE 47]. The initial disclosure only provided Mr. Arriga's contact information and

curriculum vitae and advised that "Plaintiff will supplement this disclosure upon receipt of the report from the expert witness, which is anticipated on or before February 14, 2019." [DE 47 ¶ 2]. This was clearly an insufficient disclosure under Rule 26.

Defendant, for its part, did nothing upon receiving Plaintiff's incomplete expert disclosure on January 2, 2020. It did not seek Mr. Arriga's deposition or move to compel his expert report. It did not make any disclosure of any expert witnesses, rebuttal or otherwise. Instead, Defendant unsuccessfully requested yet another extension, this time of the substantive pretrial motion deadline, and waited until January 17, 2020 to file the instant motion to strike.

### III. Analysis

As the saying goes, "what comes around, goes around." The parties' dilatory conduct in this lawsuit compels the Court to find that Plaintiff's Expert Disclosure must be stricken. The Court cannot, as Plaintiff asks, now reopen expert discovery over a month after the Court-imposed December 2, 2019 expert discovery deadline has passed merely to help Plaintiff avoid the striking of its damages expert. The parties apparently mutually agreed to operate outside the Court's deadlines and were advised that, if they chose to do so, they could not turn to the Court and ask it to resolve disputes arising from the parties' own discovery choices. [DE 46]. The simple facts of this dispute are that the Plaintiff was required to make its expert disclosure of Mr. Arriga's expert report on December 2, 2019; expert discovery was supposed to end December 20, 2019; Plaintiff failed to make the required disclosure, instead disclosing the incomplete report on January 2, 2020; the parties mutually chose to operate outside the Court's deadlines; and they must now suffer the consequences of their decisions. If Plaintiff had merely complied with the Court's imposed deadlines, the Court would not now be in the position of having to decide whether to strike Plaintiff's expert witness.

A. <u>Whether Plaintiff's Rule 26 Expert Disclosure was Inadequate</u>

"Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise . . . compliance with the requirements of Rule 26 is not merely aspirational." *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004) (internal citations omitted). Fed. R. Civ. P. 37(c)(1) instructs that where "a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . unless the failure was substantially justified or harmless." *See, e.g., Potish v. R.J. Reynolds Tobacco Co.*, 9:15-cv-81171, 2017 WL 5952892, at *2-4 (S.D. Fla. Nov. 30, 2017); *Managed Care Sols., Inc. v. Essent Healthcare, Inc.*, 09-cv-60351, 2010 WL 1837724, at *3 (S.D. Fla. May 3, 2010). The burden of showing that a failure to disclose or comply was substantially justified or harmless is on the non-disclosing party. *Mitchell v. Ford Motor Co.*, 318 F. App'x. 821, 824 (11th Cir. 2009). Exclusion is also an appropriate remedy under Fed. R. Civ. P. 16(b), which authorizes the court to control and expedite pretrial discovery through a scheduling order and gives the court broad discretion to preserve the integrity and purpose of a pretrial order, including the exclusion of evidence. *Companhia Energetic Potiguar v. Caterpillar Inc.*, No. 14-cv-24277, 2016 WL 3102225, at *5 (S.D. Fla. June 2, 2016).

Plaintiff's expert disclosure is clearly deficient under Rule 26. "'Disclosure of expert testimony' within the meaning of the federal rule contemplates not only the identification of the expert, but also the provision of a written expert report containing 'a complete statement of all opinions' and 'the basis and reasons therefore.'" *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (quoting Fed. R. Civ. P. 26(a)(2)(B)). The expert disclosure requirement is met when an expert disclosure "is sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." *Democratic Rep. of Congo v. Air Capital Grp., LLC*, No. 12-20607, 2013 WL 2285542, at *3 (S.D. Fla. May

23, 2013). Plaintiff's expert disclosure fails to provide anything resembling "a complete statement of all opinions" and "the basis and reasons therefore." Fed. R. Civ. P. 26(a)(2)(B). Thus, it must be stricken unless Plaintiff's failure to disclose an adequate expert disclosure was substantially justified or harmless. *See Mitchell*, 318 F. App'x at 824.

B. <u>Whether Plaintiff's Failure to Adequately Disclose was Substantially Justified or Harmless</u>

When deciding whether a party was substantially justified for a failure to adequately disclose or whether that failure to disclose was harmless, courts consider four factors: (1) the excluded testimony's importance; (2) the explanation of the party that failed to disclose; (3) the potential prejudice from allowing the testimony; and (4) the ability to cure any potential prejudice. *See Pediatric Nephrology Associates of So. Fla. v. Variety Children's Hosp.*, No. 16-24138, 2017 WL 5665346, at *4 (S.D. Fla. Nov. 6, 2017).

Plaintiff argues that its failure to adequately disclose Mr. Arriga's expert report was substantially justified because of "the voluminous amounts of discovery in this case" that prevented Mr. Arriga from providing his expert report in time. [DE 60, p. 1-2]. Plaintiff further states that it "diligently interviewed multiple potential experts" but "was unable to retain one prior to January 2, 2020." [DE 60, p. 3]. Despite its clear failure to meet either the Court's December 2, 2019 disclosure deadline or the parties' agreed January 2, 2020 disclosure deadline, Plaintiff attempts to cast some blame on Defendant as well: "Further, given that Defendant did not produce the documents pertaining to nine (9) of the patients whose claims are at issue in this case until January 16, 202[sic], the expert's report would not have been complete either way." *Id.* Plaintiff also argues that its failure to adequately disclose Mr. Arriga's expert report was harmless because (1) Defendant's motion for summary judgment did not address the issue of damages and thus Mr. Arriga's expert damages opinion must not have been necessary to Defendant's motion for summary judgment; (2) the parties were operating outside the Court's Scheduling Order; (3) the parties "have

been working cooperatively; and (4) there is still time remaining for Defendant to depose Mr. Arriga. [DE 60, p. 3-4].

In response, Defendant points out that the dispositive motion deadline has already passed. Further, Defendant argues that even if the Court were to reopen expert discovery in this case, it would still be prejudiced by its inability to offer any rebuttal expert. Thus, the Court would be required to not only reopen expert discovery but grant the parties additional time for Defendant to obtain a rebuttal witness whom Plaintiff would then inevitably seek to depose, further delaying this case and the trial of this case.

The Court finds that Plaintiff's failure to adequately disclose Mr. Arriga's expert report was neither substantially justified nor harmless. Plaintiff has not established good faith for its belated disclosure and dilatory conduct. Mr. Arriga is Plaintiff's only expert witness, and Plaintiff argues his testimony is important. However, given that asserted importance, one would think that Plaintiff would have been more diligent and would have attempted to retain him (or another suitable expert) much earlier in this case. As stated above, this lawsuit has been pending in either state or federal court since October 10, 2018. Plaintiff has had ample time to retain an expert and has nonetheless failed to comply with the expert disclosure rules and deadlines.

As to Plaintiff's excuse for this failure, the Court finds it unpersuasive. In today's day of mega-discovery and voluminous e-discovery, Rule 26's initial disclosure requirement would be rendered superfluous if courts permitted parties to wholly fail to meet the disclosure requirements merely because a case involved "voluminous discovery." As stated above, "compliance with the requirements of Rule 26 is not merely aspirational." *Cooper*, 390 F.3d at 728.

The Court also finds that the prejudice to Defendant resulting from Plaintiff's failure to comply with Rule 26's disclosure requirements is considerable and incurable without significantly derailing this case and continuing the trial. This action has been pending since October 10, 2018.

Discovery has closed; the deadline for dispositive motions has passed; *Daubert* motions were due February 3, 2020; trial is set for April 6, 2020. Reopening expert discovery now would impose a substantial burden on Defendant and add to its trial preparation. *See, e.g., All-Tag Corp. v. Checkpoint Sys., Inc.*, 408 F. Supp. 3d 1347, 1353 (S.D. Fla. 2019); *Pediatric Nephrology Associates of So. Fla.*, 2017 WL 5665346, at *6; *Longhini v. W. 97 Corp.*, No. 15-22874, 2016 WL 3671870, at *3 (S.D. Fla. July 11, 2016); *Weaver v. Lexington Ins. Co.*, No. 5-1913, 2007 WL 1288759, at *3 (M.D. Fla. May 2, 2007). Moreover, the granting of Plaintiff's motion would significantly disrupt the Court's schedule and trial date.

Simply put, the parties chose to operate outside this Court's Scheduling Order and agreed to various deadlines well after those that the Court imposed. Plaintiff failed to adequately disclose its sole expert witness's report as required by Rule 26. Now, Plaintiff asks the Court to bail it out of this predicament by reopening expert discovery just weeks before trial. The Court will not do so. The deadlines originally imposed and extended by the Court allowed for sufficient time to provide such a remedy, but Plaintiff failed to comply and proceeded to operate outside those deadlines and so it must suffer the consequences of its own dilatory conduct.

### IV. Conclusion

Based on the foregoing, it is hereby **ORDERED** that Defendant's Motion to Strike Plaintiff's Expert Disclosure for Failure to Comply with Rule 26 [DE 54] is **GRANTED**. Plaintiff's Expert Disclosure of Michael F. Arrigo is stricken. Plaintiff may not rely upon or otherwise use, either directly or indirectly, the expert opinion of Mr. Arrigo at any point in this case, including in dispositive motions, responses, or at trial.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of February 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge